### HELEN G. LINDLEY v. ÆTNA LIFE INSURANCE COMPANY.

(Filed 11 December, 1935.)

**Insurance J b—Contention that course of dealing between parties waive prompt payment of premium held untenable under terms of policy.**

Where an insurance policy specifically provides that acceptance of premiums by insurer's agents after due date should reinstate the policy only as to losses resulting after such reinstatement, plaintiff's contention that according to the course of dealing between insurer and insured, premiums were accepted and paid at the convenience of insured, and that insurer should accept payment of premium due prior to insured's death which plaintiff tendered subsequent to insured's death, is untenable, as there was no reinstatement of the policy prior to insured's death.

Appeal by plaintiff from *McElroy, J.*, at May Term, 1935, of Guilford.

Civil action to recover on a policy of health and accident insurance.

On 31 January, 1916, the defendant issued to Paul C. Lindley an "Accumulative Disability Policy," renewable from year to year upon payment of annual premium, with provision that in case of death the policy shall be payable to plaintiff.

The renewal premium, due 31 January, 1933, was not paid or tendered until after the death by accident of the insured on 10 June, 1933.

Plaintiff contends that by reason of the course of dealing between defendant's agent and the insured, the annual premiums were accepted and paid "at the convenience" of the insured.

The policy provides: "If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of a premium

by the company or by any of its duly authorized agents shall reinstate the policy, but only to cover accidental injury thereafter sustained and such sickness as may begin more than ten days after the date of such acceptance."

From a judgment of nonsuit entered at the close of plaintiff's evidence she appeals, assigning errors.

*H. S. King and Frazier & Frazier for plaintiff.*
*Sapp & Sapp for defendant.*

PER CURIAM. Viewing the evidence in its most favorable light for the plaintiff, the accepted position on motion to nonsuit, it would seem that the policy, in express terms, precludes any recovery by plaintiff, as there was no reinstatement between 31 January and 10 June, 1933.

Affirmed.